**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ASHLEY PIERRELOUIS, Individually and On Behalf of All Others Similarly Situated, ) | Case No. 1:18-cv-4473 |
| Plaintiffs, ) | Judge Jorge L. Alonso |
| v. ) | |
| GOGO INC., MICHAEL J. SMALL, OAKLEIGH THORNE, NORMAN SMAGLEY, BARRY ROWAN, and JOHN WADE, ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MICHAEL NOONAN AND GEHAD BISHARAT FOR APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF COUNSEL**

Michael Noonan and Gehad Bisharat ("Movants") respectfully submit this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing the Movants as Lead Plaintiffs for the Class of all purchasers of common stock of Gogo Inc. ("Gogo" or the "Company") during the period from February 27, 2017 through May 7, 2018, inclusive (the "Class Period"); and

(b)     approving Movants' selection of The Rosen Law Firm P.A. as Lead Counsel for the Class, and the law firm of Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class.

1

## INTRODUCTION AND BACKGROUND

This securities fraud class action was commenced on June 27, 2018 against Defendants asserting violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Carl V. Malmstrom, filed herewith ("Malmstrom Decl."), Ex. 1.

Gogo provides inflight broadband connectivity and wireless entertainment services to the aviation industry in the United States and internationally. Gogo's 2Ku system is an antenna and satellite-based system which provides additional bandwidth and improves speeds for wi-fi on airplanes. The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Gogo's 2Ku antenna had more reliability issues than the public was led to believe; (2) Gogo's 2Ku antennas required costly installation and remediation challenges or required replacement due to deicing fluids from planes infiltrating the 2Ku system as well as manufacturing and software issues; (3) consequently, Gogo would not be able to meet its previously issued 2018 guidance; and (4) as a result, the Company's financial statements were materially false and misleading at all relevant times.

On May 4, 2018, Gogo held a conference call and issued a press release in which Defendants addressed the deicing issues as well as the installation of the 2Ku antennas and the financial impact they had on the Company. On this news, shares of Gogo fell $1.73 per share, or over 18%, over the next two trading days to close at $7.86 per share on May 7, 2018, damaging investors. Then, on May 7, 2018, after the market closed, Moody's downgraded Gogo's credit rating in part due to the problems with the installation of the 2Ku antennas. On this news, shares

of Gogo fell $2.80 per share or over 35.6% to close at $5.06 per share on May 8, 2018, further damaging investors.

## ARGUMENT

### I. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Act. *See*, 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiffs filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should be appointed Lead Plaintiffs.

### A. **Movants' Motion is Timely**

On June 27, 2018, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, The Rosen Law Firm, P.A. published a notice announcing that a securities class action had been filed against Gogo and certain of its executive officers, and advising purchasers of Gogo's securities that they had until August 27 2018, to file a motion to be appointed as lead plaintiff. *See* Malmstrom Decl., Ex. 1.

Movants file the instant motion and submits herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Malmstrom Decl., Ex. 2. Movants therefore satisfy the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### B. **Movants Have The Largest Financial Interest in the Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

During the Class Period, Movants purchased a total of 9,500 shares of Gogo securities and suffered losses of $52,026.45. *See* Malmstrom Decl., Ex. 3. Movants are not aware of any other individual or group that has suffered greater losses in Gogo securities during the Class Period. Accordingly, Movants satsify the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* No. 01 C 8406, 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

5

### 1. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Gogo. Movants, like all of the members of the Class, purchased Gogo securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movants' interests are closely aligned with other Class members', and Movants' interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movants not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class.

### D.    <u>Movants Are Presumptively the Most Adequate Plaintiffs</u>

The presumption in favor of appointing Movants as lead plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

      (aa)     will not fairly and adequately protect the interest of the class; or

      (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movants are the most adequate lead plaintiffs is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### III.    <u>MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED</u>

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Malmstrom Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Movants respectfully request the Court issue an Order: (a) appointing the Movants as Lead Plaintiffs of the Class; (b) approving The Rosen Law Firm P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: August 27, 2018        Respectfully submitted,

/s/*Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
70 W. Madison St., Suite 1400
Chicago, IL 60602
Tel: (312) 984-0000
Fax: (312) 214-3110
malmstrom@whafh.com

Proposed Liaison Counsel for Plaintiffs

Phillip Kim
Laurence M. Rosen
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

Proposed Lead Counsel for Plaintiffs

8

Peretz Bronstein
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com

Additional Counsel to Plaintiffs

whafhch55574