**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASHLEY PIERRELOUIS, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GOGO INC., MICHAEL J. SMALL, NORMAN SMAGLEY, BARRY ROWAN, and JOHN WADE,<br><br>        Defendants. | Case No. 18-cv-04473<br><br>Hon. Jorge L. Alonso |

**DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Defendants Gogo Inc. ("Gogo"), Michael J. Small, Norman Smagley, Barry Rowan, and John Wade, by and through their undersigned attorneys, respectfully move pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b), to dismiss the Third Amended Class Action Complaint (the "Third Amended Complaint") because it fails to state a claim upon which relief can be granted and fails to plead fraud with particularity as required by the PSLRA. In support of this motion, defendants state as follows:

1. This is a putative class action against Gogo and certain of its current and former officers and directors for alleged violations of the federal securities laws.

2. The Third Amended Complaint alleges that defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by allegedly

making false and misleading statements during the period of February 27, 2017 to February 22, 2018, in connection with Gogo's proprietary in-flight wi-fi service.

3. The Third Amended Complaint suffers from the same deficiencies that led the Court to dismiss the original amended complaint. The Third Amended Complaint should be dismissed with prejudice as a matter of law for the following reasons.

4. First, the Third Amended Complaint fails to plead any statement that was false or misleading at the time it was made. The Third Amended Complaint impermissibly relies on "fraud by hindsight" by pointing to subsequent statements and events in an attempt to prove the falsity of earlier statements. Without allegations of contemporaneous falsity, plaintiff cannot satisfy the heightened pleading requirements of the PSLRA.

5. Second, plaintiff fails to adequately plead scienter because the Third Amended Complaint is devoid of any allegations showing that any defendant acted with fraudulent intent.

6. Third, some of the statements at issue are not actionable because they are protected by the PSLRA's statutory safe harbor for forward-looking statements. Plaintiff challenges various statements concerning defendants' expectations about Gogo's financial performance, but these statements are based on future projections and accompanied by the requisite cautionary disclosures to invoke the safe harbor's protections. As such, these statements are not actionable as a matter of law.

7. Finally, because plaintiff has failed to allege a primary violation of the securities laws, he has failed to state a claim for control person liability under Section 20(a).

8. In further support of this motion, defendants have filed a Memorandum of Law in Support of Defendants' Motion to Dismiss the Third Amended Complaint and the Declaration of Jerome S. Fortinsky, which are incorporated by reference herein.

9. This Court dismissed a prior amended complaint (ECF No. 55) with leave to replead by order dated October 16, 2019 (ECF No. 68). After filing a Second Amended Complaint (ECF No. 73), which defendants moved to dismiss on February 21, 2020 (ECF No. 80), plaintiff sought and obtained leave to file the Third Amended Complaint (ECF Nos. 97, 100) and the Court then denied defendants' motion to dismiss the Second Amended Complaint as moot (ECF No. 100). Because plaintiff has now had several opportunities to plead his claims, the Court should dismiss the Third Amended Complaint with prejudice.

WHEREFORE, defendants Gogo Inc., Michael J. Small, Norman Smagley, Barry Rowan, and John Wade respectfully request that the Third Amended Complaint be dismissed in its entirety with prejudice.

Dated: September 21, 2020

Respectfully submitted,

NEAL, GERBER & EISENBERG LLP

/s/ Andrew G. May
Jonathan S. Quinn
Andrew G. May
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Telephone: (312) 269-8000
jquinn@nge.com
amay@nge.com

SHEARMAN & STERLING LLP
Jerome S. Fortinsky (admitted *pro hac vice*)
Brian H. Polovoy (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
jfortinsky@shearman.com
bpolovoy@shearman.com

*Attorneys for Defendants Gogo Inc.,
Michael J. Small, Norman Smagley,
Barry Rowan and John Wade*

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of ***Defendants' Motion to Dismiss the Third Amended Complaint,*** the ***Memorandum of Law in Support of Defendants' Motion to Dismiss the Third Amended Complaint,*** and the ***Declaration of Jerome S. Fortinsky*** to be electronically filed using the CM/ECF system, which will send notice of this electronic filing to all counsel of record receiving electronic notification on September 21, 2020.

/s/     *Andrew G. May*